# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1355

———————

Jesse Hunter,                                    *
                                                 *
       Appellant,                        *
                                                 *   Appeal from the United States
     v.                                       *   District Court for the
                                                 *   Eastern District of Missouri.
Linda M. Springer, Director; Office of           *
Personnel Management,                            *   [UNPUBLISHED]
                                                 *
       Appellees.                        *

———————

Submitted: February 7, 2007
Filed: February 14, 2007

———————

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

———————

PER CURIAM.

Jesse Hunter appeals the district court's[1] dismissal of his suit for lack of subject matter jurisdiction. Hunter alleged that he was a government employee wrongfully denied retirement and health benefits under the Civil Service Retirement System (CSRS). Upon de novo review, see Green Acres Enters., Inc. v. United States, 418 F.3d 852, 856 (8th Cir. 2005), we agree with the district court that his exclusive remedy was to exhaust his administrative remedies before the Office of Personnel

———————

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Management (OPM) and the Merit Systems Protection Board (MSPB), and thereafter appeal to the Court of Appeals for the Federal Circuit. See 5 U.S.C. §§ 8347(c) (OPM is vested with authority to consider all CSRS disability claims; appeals of adverse decisions are heard by MSPB), 7703(b)(1) (petitions for review of MSPB decisions must be filed in Federal Circuit); 28 U.S.C. § 1295(a)(9) (Federal Circuit has exclusive jurisdiction to review final orders and decisions of MSPB); Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 792 (1985) ("Sections 1295(a)(9) and 7703(b)(1) together appear to provide for exclusive jurisdiction over MSPB decisions in the Federal Circuit, and do not admit any exceptions for disability retirement claims."). Accordingly, the district court was correct that it lacked jurisdiction over Hunter's claims, and we affirm the dismissal. See 8th Cir. R. 47B.

_____